**Juan Flores RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–01342–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 19, 2000.

Dominique P. Gerard, Houston, for Appellant.

Carmen Castillo Mitchell, John B. Holmes, Houston, for State.

Panel consists of Justices COHEN, NUCHIA, and SMITH.[1]

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

MURRY B. COHEN, Justice.

A jury convicted appellant of driving while intoxicated (DWI) and found two enhancement paragraphs true, and the trial judge assessed punishment at eight years in prison. We reverse and remand.

On original submission, appellant contended in his first issue that the trial judge erred by submitting an alternative theory of guilt in the jury charge. This Court disagreed, relying on *Sutton v. State*, 899 S.W.2d 682 (Tex.Crim.App.1995). *See Rodriguez v. State*, No. 01–97–01342–CR, slip op. at 3, 1998 WL 959813 (Tex.App.—Houston [1st Dist.] Dec. 23, 1998) (not designated for publication), *rev'd*, 18 S.W.3d 228, 232 (Tex.Crim.App.2000). The Texas Court of Criminal Appeals reversed, holding that the charge authorized a conviction not set forth in the charging instrument, and remanded for a harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). *See Rodriguez*, 18 S.W.3d at 232.

### Facts

While on patrol, two police officers arrested appellant for driving erratically and exhibiting signs of intoxication. They testified at trial that appellant smelled of alcohol and had symptoms of alcohol intoxication. Appellant testified he had the flu and had consumed tablets of "non-drowsy" formula "Contac," a cold medication, before driving that night. He also testified he had not been drinking, but the medication made him drowsy. Two defense witnesses testified appellant had consumed no alcohol. In rebuttal, the State's chemist testified to the intoxicating effect of Contac and alcohol.

The indictment alleged that appellant was intoxicated because he introduced alcohol into his body. The application paragraph of the charge, however, allowed conviction if appellant was intoxicated either by alcohol or by a combination of unknown drugs and alcohol. Moreover, the charge defined "intoxicated" as the loss of normal faculties "by reason of the introduction of alcohol, *a drug, or* a combination of both those substances into the body" (emphasis added), and it then defined the term "drug" extensively, *i.e.*, in three different ways, occupying approximately half a page in the charge. Thus, the definitions told the jury it could convict even if appellant was intoxicated only from a drug and not from alcohol, which was the opposite of what the indictment alleged.

The appellant objected because the charge authorized conviction on a theory not alleged in the indictment—intoxication by "a combination of unknown drugs and alcohol." The trial judge overruled the objection.

### Harm Analysis

In reviewing charge error, we apply the usual standard of review. *See Almanza*, 686 S.W.2d at 171. The State first contends that appellant's trial objection did not suffice because he should have further objected to omission in the charge of the "additional susceptibility" effect of drugs on alcohol. *See Sutton*, 899 S.W.2d at 684. Therefore, the State argues that we need to review only for egregious harm. *See Almanza*, 686 S.W.2d at 171. We disagree.

■ Appellant objected to the instruction that intoxication could result from a combination of drugs and alcohol. This was all he needed to preserve error. The State does not cite any authority requiring

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

appellant to request instructions that would increase his chances of conviction. If the State wanted this instruction, it should have asked for it. We hold the objection was sufficient. Consequently, appellant needs to show only some harm. *See Almanza,* 686 S.W.2d at 171.

In deciding whether appellant suffered "some" harm, we consider 1) the entire jury charge, 2) the state of evidence, including the contested issues and weight of probative evidence, 3) counsel's argument, and 4) the whole record. *See Abdnor v. State,* 871 S.W.2d 726, 739–40 (Tex. Crim.App.1994); *Almanza,* 686 S.W.2d at 171.

The State contends appellant suffered no harm because the charge required the jury to find that he was intoxicated from alcohol. We disagree. The jury charge did require the jury to find that appellant *consumed* alcohol, but it did not require the jury to find that he was *intoxicated* from alcohol. It did the opposite. The charge allowed the jury to convict if *either* (1) appellant was intoxicated from alcohol alone or (2) appellant was not intoxicated from alcohol *alone,* but from a combination of drugs and alcohol. That is the very error that caused the Court of Criminal Appeals to reverse our judgment on original submission.

The State argues that no harm resulted because (1) evidence supported appellant's guilt under the indictment, *i.e.,* from alcohol intoxication alone; (2) the jury's verdict was likely based on the indictment; (3) the jury found appellant guilty "as charged in the indictment"; and (4) the additional instruction did not affect appellant's theory that he was not drinking alcohol. Again, we disagree.

With a proper charge, the jury could have weighed the witnesses' credibility and determined if appellant was intoxicated on alcohol alone, as the State alleged. Instead, the application paragraph of the charge told the jury to convict appellant if he was intoxicated not on alcohol alone, but on a combination of drugs and alcohol. In addition, the definitions told the jury that appellant could be "intoxicated" on drugs alone. This also was contrary to the allegation of intoxication by alcohol alone, and it magnified the error in the application paragraph. We cannot assume the jury disregarded both the judge's specific instruction to consider intoxication from drugs and the prosecutor's argument to convict for intoxication from drugs solely because of the boilerplate language, "guilty as charged in the indictment." That language was not even part of the trial judge's instructions. It was part of the verdict form, separate from the judge's specific instructions and definitions that governed the case.

Given that 1) the evidence supported the conclusion that defendant was intoxicated on drugs and alcohol, 2) the charge authorized the jury to convict appellant for being intoxicated on drugs alone and on drugs and alcohol, and 3) the prosecutor asked the jury to convict appellant for being intoxicated on drugs and alcohol, there is reason to believe that appellant was harmed by the erroneous charge.

We sustain the point of error.

We reverse the judgment and remand the cause.