**Kevin BOLDEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–01–00377–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 14, 2002.

Shawna L. Reagin, Houston, for Appellant.

Alan Curry, Asst. Dist. Atty., Houston, for State.

Panel consists of Chief Justices SCHNEIDER and Justices TAFT and RADACK.

## OPINION

SHERRY J. RADACK, Justice.

A jury convicted appellant of aggravated robbery and assessed punishment at nine years in prison. The trial court sentenced appellant in accordance with the jury's verdict. On appeal, appellant contends the trial court erred when it: (1) sustained the State's objection to one of the defense questions during voir dire; (2) refused to instruct the jury on the State's burden of proof on extraneous misconduct admitted at the punishment phase of the trial; and (3) did not charge the jury regarding good conduct time in accordance with Code of Criminal Procedure article 37.07, section 4(a). TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.2002). We affirm.

### *Improper Restriction of Voir Dire*

During voir dire, appellant's trial counsel presented a hypothetical to the venire:

I just want to know, [the prosecutor] asked your feelings about rehabilitation or punishment. Let's just pretend you have 10 people. Nine of them are guilty of committing an offense. One of them is innocent. You have two choices: Either lock them all up or you set them all free. You don't like that, do you?

The prosecutor objected to the question on the ground that it was an "improper voir dire question." The trial court sustained the objection. Later, appellant's trial counsel explained that he was "not asking to qualify [prospective jurors] on a legal issue but to help me understand their predisposition and their personal biases so that I can make an informed decision along

with all the other answers they have given me." The trial court again sustained the objection.

In point of error one, appellant argues the trial court erred when it denied appellant the intelligent exercise of his peremptory challenges by restricting his questioning of the venire. Specifically, appellant complains that there was no legal basis for the prosecutor's objection, the defense proffered a valid reason for his proposed inquiry, and the trial court erred when it restricted voir dire.

■■■ When an appellant challenges a trial court's limitation on the voir dire process, the reviewing court must analyze the claim under an abuse-of-discretion standard, the focus of which is whether the defendant proffered a proper question concerning a proper area of inquiry. *Caldwell v. State,* 818 S.W.2d 790, 793 (Tex.Crim. App.1991); *Cockrum v. State,* 758 S.W.2d 577, 584 (Tex.Crim.App.1988). A proper question is one that seeks to discover a venire member's views on an issue applicable to the case. *McCarter v. State,* 837 S.W.2d 117, 121 (Tex.Crim.App.1992); *Caldwell,* 818 S.W.2d at 794; *Guerra v. State,* 771 S.W.2d 453, 468 (Tex.Crim.App. 1988). However, a trial court may restrict confusing or misleading voir dire questions. *See Tate v. State,* 939 S.W.2d 738, 747 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd); *Jones v. State,* 850 S.W.2d 223 (Tex.App.-Fort Worth 1993, pet. ref'd).

■■■ In this case, appellant argues that the hypothetical question was designed to elicit information regarding the attitudes of the venire members toward constitutional rights and whether individual venire members would follow the law even if doing so produced a distasteful result. However, we do not reach the issue of whether the question was misleading and confusing on one hand, or proper

on the other, because appellant waived his complaint. The record shows that appellant's trial counsel did not ask the venire any other questions on this topic. The record also reveals that the State's objection and trial court's ruling was directed to the form of the appellant's question, not to its substance. The trial court did not order counsel to discontinue questioning in the area of inquiry, but merely disallowed the particular question. When there is no absolute limitation placed on the underlying substance of defense counsel's voir dire question, counsel must rephrase the improperly phrased question or waive the voir dire restriction. *Howard v. State*, 941 S.W.2d 102, 108 (Tex.Crim.App.1996); *Trevino v. State*, 815 S.W.2d 592, 601 (Tex. Crim.App.1991). Instead of rephrasing the question and continuing the line of questioning, counsel chose to move on to a different topic. Thus, appellant has waived any complaint regarding the disallowed question. We overrule point of error one.

### *Jury Instruction On Burden of Proof for Extraneous Offenses*

In his second point of error, appellant contends the trial court erred by failing to sua sponte instruct the jury on the proper burden of proof for extraneous offenses during the punishment phase of trial. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim.App.2000). Specifically, appellant claims that the facts surrounding his prior adjudicated crimes are extraneous bad acts that must be proven beyond a reasonable doubt before they can be used against him when assessing punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.2002); *Huizar*, 12 S.W.3d at 483–84.

■ A trial court must submit a charge setting forth the "law applicable to the case." TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2002). The Court of Criminal Appeals has held that a reasonable-doubt instruction regarding extraneous offenses is "law applicable to the case," and the trial court must include such an instruction even if it is not requested. *Huizar*, 12 S.W.3d at 483–84.

Here, the State introduced testimony from Deputy Daniel Dickey, who supervises inmates at the Harris County Jail. Deputy Dickey testified that appellant had engaged in a fight with another inmate while he was in pretrial custody. Deputy Hickey testified that he did not see the fight begin, but heard noise and discovered appellant and another man fighting. He did not know whether appellant had been disciplined in connection with the altercation.

■ Because the testimony elicited by the State discussed another bad act, the trial judge erred by not including the reasonable-doubt instruction in the charge. *Id.* However, the error did not implicate constitutional rights. *Id.* at 484. Thus, the failure to include the instruction is not automatic reversible error, and because he did not object, appellant must show the omission caused him egregious harm under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). *See Huizar*, 12 S.W.3d at 484–85.

■ In making this determination, we must assay the actual degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171. *See generally Hutch v. State*, 922 S.W.2d 166, 172–74 (Tex.Crim.App.1996). The purpose of this review is to illuminate the actual, not just theoretical, harm to the defendant. *Almanza*, 686 S.W.2d at 174.

Appellant argues he was harmed because the evidence of guilt was "debatable," and, therefore, the extraneous-bad-act evidence "could have added the weight that tipped the scale away from a probated sentence."

In this case, although a reasonable-doubt instruction was not included in the jury charge, we find that appellant was not harmed. We disagree with appellant's characterization of the evidence as "debatable." Our review of the record reveals ample evidence of appellant's guilt. The complainant identified appellant as the man who broke into her home, threatened her with a loaded shotgun, and stole her car. The police officer who responded to the complainant's call broadcast a description of appellant and the complainant's stolen vehicle. Officers in the area located the complainant's vehicle being driven in the complainant's neighborhood. The driver of the vehicle attempted to evade police, but ultimately crashed the vehicle in a ditch. Police determined that appellant was the driver of the vehicle, even though he claimed otherwise. A search of the stolen vehicle revealed that it contained a shotgun. In addition to identifying appellant, the complainant also identified the shotgun as the one appellant had used to threaten her. While he was in custody, appellant told another inmate he was charged with armed robbery and described how he had committed the crime. Appellant also told the other inmate that he would not be convicted of the crime because he did not leave fingerprints on the weapon or at the complainant's residence.

Appellant himself presented no contradicting evidence. He never contested the fact that he fought with the other inmate. He did not cross-examine the deputy who testified regarding the fight. Appellant did not argue to the jury that the deputy was mistaken or lying, that he did not fight with the other inmate, or that the State did not prove the fight beyond a reasonable doubt.

Although the prosecutor elicited Deputy Dickey's testimony, he did not emphasize it. The prosecutor did not mention the fight in his final argument. Instead, the prosecutor focused on appellant's lack of remorse, as expressed in appellant's testimony at the punishment stage of trial. Instead, he focused on the evidence related to appellant's guilt of the charged offense and the need for jurors to punish him for committing that offense.

Finally, the punishment assessed, nine years in prison, was at the low end of the range of punishment. *See* TEX. PENAL CODE ANN. § 12.32(a) (Vernon 1994). Thus, we conclude appellant has not shown egregious harm by not having a reasonable-doubt instruction in the jury charge. Accordingly, we overrule appellant's second point of error.

### *Charge Error*

In his third point of error, appellant urges that the trial court erred in failing to include in its punishment charge the mandatory instruction regarding good-conduct time required by Code of Criminal Procedure article 37.07, section 4(a). Article 37.07, section 4(a) requires the trial court to include a jury instruction on parole eligibility and "good conduct time" in cases in which the jury is to assess punishment and (1) the charged offense is listed in article 42.12, section 3g(a)(2) or (2) where the verdict contains an affirmative finding under section 3g (a)(2). *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4, art. 42.12, § 3g(a)(2) (Vernon Supp.2002). In such cases, the trial court must charge the jury as follows:

> Under the law applicable in this case, *the defendant, if sentenced to a term of imprisonment, may earn time off the*

*period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.*

It is *also* possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, *without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole.* Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law *and good conduct time.* However, *you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant.* You are not to consider the manner in which the parole law may be applied to this particular defendant.

(Emphasis added.)

■ The article 37.07, section 4(a) mandate applies to appellant's conviction for aggravated robbery. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.2002). Nonetheless, the trial court omitted the italicized language from the jury charge.[1] Therefore, the trial court erred in not including the instruction on parole eligibility in its punishment charge.

■ Appellant objected to the omission. Although the trial court did not specifically rule on the objection, it submitted the jury charge without the good-conduct language. The objection was sufficient to preserve error. *See Rodriguez v. State*, 31 S.W.3d 736, 738 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Consequently, appellant needs to show only "some harm." *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). "Some harm" means the error was calculated to injure the rights of the defendant. *Id.*

■ In deciding whether appellant suffered "some" harm, we consider: (1)

---

1. A individual, such as appellant, who is convicted of aggravated robbery may not accumulate good conduct time to qualify for early release under mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149 (Vernon Supp. 2002). This Court had previously held that the article 37.07, section 4(a) reference to good-conduct time violates state due-course-of-law and federal due-process protections when applied to defendants, like appellant, "who are not eligible for it." *See Bradley v. State*, 45 S.W.3d 221 (Tex.App.-Houston [1st Dist.] 2001, pet. filed), *overruled by Bui v.*

*State*, 68 S.W.3d 830 (Tex.App.-Houston [1st Dist.] 2002, no pet. h.); *Jimenez v. State*, 992 S.W.2d 633 (Tex.App.-Houston [1st Dist.] 1999), *aff'd on other grounds*, 32 S.W.3d 233 (Tex.Crim.App.2000), *overruled by Bui v. State*, 68 S.W.3d 830 (Tex.App.-Houston [1st Dist.] 2002, no pet. h.). Therefore, the trial court was apparently attempting to conform the jury charge to this Court's opinions. This Court has since overruled *Bradley* and *Jimenez*. *See Bui v. State*, 68 S.W.3d 830 (Tex. App.-Houston [1st Dist.] 2002, no pet. h.).

the entire jury charge; (2) the state of evidence, including the contested issues and weight of probative evidence; (3) counsel's argument; and (4) the whole record. *See Abdnor v. State,* 871 S.W.2d 726, 739–40 (Tex.Crim.App.1994); *Almanza,* 686 S.W.2d at 171. The "some harm" test does not mandate reversal on a showing of possible harm—it requires that the appellant establish actual harm. *Medina v. State,* 7 S.W.3d 633, 643 (Tex.Crim.App. 1999). The appellate court reviews the evidence and any part of the record as a whole that illuminates "the actual, not just theoretical, harm to the accused." *Medina,* 7 S.W.3d at 643; *Almanza,* 686 S.W.2d at 174.

 At the outset of our analysis, we note that the article 37.07, section 4 instruction informs the jury of how good-conduct time combines with actual time served to determine parole eligibility. *Grigsby v. State,* 833 S.W.2d 573, 576 (Tex. App.-Dallas 1992, pet. ref'd). The legislature's intent in crafting the instruction was to *increase* the sentences assessed by juries. *Id.* Thus, the instruction does not benefit defendants. *Id.*

 Appellant does not identify any actual harm he suffered as a result of the omission. Instead, he states that "it cannot be assumed that the jury was unaware of the existence of good time credits, or the ubiquitous 'early release' constantly trumpeted in the news media. This harm was compounded by the court's omission of the actual time to be served on any sentence less than four years, which may have automatically precluded the jury from even considering such a sentence." This purported harm is mere speculation regarding what the jury might have considered. Nothing in the record supports the assertion that the jury increased appellant's sentence based on this purported knowledge.

We hold the appellant did not show actual harm. We note that the nine-year sentence was at the lower end of the five to 99 year range of punishment for appellant's offense. *See* Tex. Penal Code Ann. § 12.32(a) (Vernon 1994). Therefore, based on the record before us, the trial court's omission of the "good conduct time" language from the jury charge was harmless.

We overrule point of error three.

### *Conclusion*

We affirm the trial court's judgment.