Affirmed and Majority and Concurring Opinion filed December 21, 2006








Affirmed and Majority and Concurring Opinion filed December
21, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01125-CR

____________

 

ANDREW ZARCO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 986138

 



 

C O N C U R R I N G   O P I N I O N

I concur in the result, but because I respectfully disagree
with the majority=s emphasis on A.C.=s credibility, I
write separately to address the egregious harm analysis. 








Egregious harm must be assayed Ain light of the
entire jury charge, the state of the evidence, including the contested issues,
and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole.@  Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  Thus, analysis of harm
necessarily requires an in-depth, record-intensive review in which it is
appropriate to consider the strength of the testimony.  However, this court
should not have independently determined  that A.C.=s behavior was
consistent with her claims.  Instead, this court should have analyzed the effect
of the instruction=s omission, and not only the evidence at
issue.  See Ellison v. State, 97 S.W.3d 698, 701 (Tex. App.CTexarkana 2003, no
pet.).  When no proper objection was made at trial, charge error does not
require reversal unless it is so egregious that the defendant was denied a fair
and impartial trial.  Almanza, 686 S.W.2d at 171.  Thus, we review the
record as a whole to Ailluminate the actual, not just
theoretical, harm to the accused.@  Id. at
174.  Errors that result in egregious harm are those which affect Athe very basis of
the case,@ deprive the defendant of a Avaluable right,@ or Avitally affect a
defensive theory.@  Hutch v. State, 922 S.W.2d 166,
171 (Tex. Crim. App. 1996) (en banc) (quoting Almanza, 686 S.W.2d at
172).

I agree with the majority=s conclusion that
the charge error did not result in egregious harm.  First, the charge error did
not affect Athe very basis of the case@ during the
punishment phase of trial.  This is a theoretical injury not supported by the
record.  During the punishment phase, the State introduced no new evidence, and
suggested no specific punishment. The State did not emphasize extraneous
offenses, but stated only the following:

Now, in assessing punishment, it=s your dutyCit=s within your judgment to decide what=s the best punishment for Andrew
Zarco under these circumstances, under all the facts you=ve heard.  And basically you=ve heard all of the facts of the
case.  There=s no additional evidence of prior
convictions or felony cases, but what you can look to in deciding this is the
facts of this particular case.

And just some
things to think about.  How many times it was done, how it was done, the
types of things that were done to the victim.  I mean, all of that you can
take into consideration.  








[emphasis
added].  As the majority pointed out, the State spent most of its argument
discussing the charge.  Appellant does not dispute the sufficiency of the
evidence to sustain his conviction, and the punishment assessed was at the low
end of the statutory range of punishment.  See Bolden v. State, 73
S.W.3d 428, 432 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (holding that
egregious harm was not shown by the omission of a reasonable doubt instruction
in the punishment phase where the evidence of the appellant=s guilt for the
charged offense was not Adebatable@ and the
punishment assessed was at the low end of the range of punishment).  Thus, the
extraneous offenses, while referenced somewhat ambiguously in a single sentence
of the prosecution=s argument during the punishment phase,
did not form Athe very basis@ of the case.[1]

The charge error also did not affect appellant=s valuable
rights.  Specifically, the appellant argues that the jury was more likely to
impose imprisonment rather than probation as a result of the charge error.  But
A[t]he granting of
community supervision is a privilege, not a right . . . .@ Speth v. State,
6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (en banc) (emphasis in original); see
also Flores v. State, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995) (en banc)
(stating Athere is no fundamental right to receive probation@); Kelly v.
State, 483 S.W.2d 467, 469 (Tex. Crim. App. 1972) (AIt should be
remembered that a defendant is not entitled to probation as a matter of right .
. . .@).  The jury was
correctly instructed on the range of punishment it could consider, and I
presume the jury followed this instruction.  See Hutch, 922 S.W.2d at
171B72.








Additionally, the charge error did not Avitally affect a
defensive theory.@  The defense argument that probation was
appropriate was supported by the testimony of two witnesses who testified that
if the appellant was given probation, they would help him successfully complete
it.  However, testimony that the appellant might receive assistance in
completing probation is not necessarily evidence that probation is an adequate
or appropriate punishment or deterrent in the case.[2] 
Here, Detective Silva testified that appellant claimed A.C., who was between
six and eight years old at the time, Atrie[d] to be
sexy,@ and wore skimpy
clothing.  If the jury construed these statements as an indication that
appellant placed some blame on A.C. for appellant=s own conduct,
such a belief could account for the jury=s failure to
recommend community supervision even in the absence of extraneous offense evidence. 
See Pickett v. State, No. 05-98-01174-CR, 1999 WL 793397, at *1 (Tex.
App.CDallas Oct. 6,
1999, no pet.) (not designated for publication) (affirming the revocation of a
sex offender=s probation where the offender did not progress in a
treatment program but instead Acontinued to minimize the offense and
blame the victim@).

Although I would focus more on the effect of the error and
less on A.C.=s credibility, I concur in the majority=s holding that the
charge error does not require reversal.  On this record and for the reasons discussed
above, no egregious harm has been shown.

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed December 21, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.  (Fowler, J., Majority).

PublishC Tex.
R. App. P. 47.2(b).

 









[1]  To the extent that extraneous offenses form a part
of the guilt/innocence phase of trial, the offenses were considered only in
connection with a proper instruction.  Although the statement in the punishment
phase can be construed as a request that the jury consider all allegations of
extraneous offenses as well as the charged offense, it can also be interpreted
as suggesting that the jury consider only acts that actually Awere done,@
and were not merely unproven allegations. 





[2]  It is also noteworthy that one of these witnesses
was appellant=s mother, who testified in the guilt/innocence phase
of trial that the abuse could not have occurred in the small house as alleged
because she kept her bedroom door open and would have overheard it.  Nevertheless,
the jury found that the appellant did commit the charged offense.  The jury may
have decided that appellant=s mother was
not credible, or may have found that she was simply unaware of the abuse
occurring in her own home.  Either conclusion could lead the jury to conclude
that appellant would not have his mother=s
support and supervision in completing probation.