Opinion Issued November 1, 2007











In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00594-CR




JUSTIN ONTIVEROS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1044365




MEMORANDUM OPINION
          A jury found appellant, Justin Ontiveros, guilty of aggravated sexual assault
of a child, enhanced by a prior felony conviction for aggravated robbery, and having
found true the enhancement allegation, assessed punishment at 60 years in prison. 
Tex. Pen. Code Ann. § 22.021 (Vernon 2003 & Supp. 2006). We consider whether
the trial court’s omission of that portion of the statutory parole instruction dealing
with good conduct time in the punishment-phase charge to the jury caused egregious
harm. We affirm.
Facts
          While spending the night with friends, the 12-year-old complainant took 
Lorcet, a narcotic pain-reliever, provided by the 24-year-old appellant. The
complainant felt “doped up” and “had trouble walking.” Appellant penetrated the
complainant’s vagina digitally. Appellant likewise assaulted two of the
complainant’s friends. Later in the night, appellant penetrated the complainant’s
vagina with his penis. 
Jury Charge Instruction
          Appellant complains in his sole issue that the trial court erred in failing to
include an instruction on “good conduct time” in the punishment-phase charge to the
jury, as required by article 37.07(4)(a) of the Texas Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art. 37.07(4)(a) (Vernon 2006). Article 37.07(4)(a)
provides:
In the penalty phase of the trial of a felony case in which the punishment
is to be assessed by the jury rather than the court, if the offense of which
the jury has found the defendant guilty is listed in Section 3g(a)(1),
Article 42.12, of this code or if the judgment contains an affirmative
finding under Section 3g(a)(2), Article 42.12, of this code, unless the
defendant has been convicted of a capital felony the court shall charge
the jury in writing as follows:
 
“Under the law applicable in this case, the defendant, if sentenced to a
term of imprisonment, may earn time off the period of incarceration
imposed through the award of good conduct time. Prison authorities
may award good conduct time to a prisoner who exhibits good behavior,
diligence in carrying out prison work assignments, and attempts at
rehabilitation. If a prisoner engages in misconduct, prison authorities
may also take away all or part of any good conduct time earned by the
prisoner.
 
“It is also possible that the length of time for which the defendant will
be imprisoned might be reduced by the award of parole.
 
“Under the law applicable in this case, if the defendant is sentenced to
a term of imprisonment, he will not become eligible for parole until the
actual time served equals one-half of the sentence imposed or 30 years,
whichever is less, without consideration of any good conduct time he
may earn. If the defendant is sentenced to a term of less than four years,
he must serve at least two years before he is eligible for parole. 
Eligibility for parole does not guarantee that parole will be granted.
 
“It cannot accurately be predicted how the parole law and good conduct
time might be applied to this defendant if he is sentenced to a term of
imprisonment, because the application of these laws will depend on
decisions made by prison and parole authorities.
 
“You may consider the existence of the parole law and good conduct
time. However, you are not to consider the extent to which good
conduct time may be awarded to or forfeited by this particular
defendant. You are not to consider the manner in which the parole law
may be applied to this particular defendant.”

Id. (emphasis added). Although the trial court charged the jury on parole law, it
failed to include the above-italicized mandatory good conduct time language. The
State concedes that the court failed to include the mandatory good conduct time
instruction, but contends that the error was harmless.  
          Appellant failed to object to the lack of a good conduct time instruction. 
Therefore, we will reverse only if appellant shows that the error was so egregiously
harmful that he was denied a fair and impartial trial. See Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). Egregious harm includes
errors (1) affecting the case’s foundation, (2) denying the defendant a valuable right,
(3) significantly affecting a defensive theory, or (4) making the case for guilt or
punishment clearly and substantially more compelling. Hutch v. State, 922 S.W.2d
166, 171 (Tex. Crim. App. 1996); Tear v. State, 74 S.W.3d 555, 562 (Tex. 
App.—Dallas 2002, pet. ref’d). In determining the degree of harm, we look to the
entire jury charge, the state of the evidence, the arguments of counsel, and any other
relevant information from the entire record. Bolden v. State, 73 S.W.3d 428, 434
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). There must be actual, rather than
theoretical, harm before a reversal of the judgment is authorized. Dicky v. State, 22
S.W.3d 490, 492-93 (Tex. Crim. App. 1999).
          Appellant argues that he was harmed because the jurors were not informed that
all or part of appellant’s earned good conduct time could be taken away if he
misbehaved in prison. He asserts that, based on legislative history, jurors are “largely
prone to increase sentences based on their misconceptions of good conduct time” and
were “more likely to increase appellant’s sentence in the absence of the instruction.” 
Any harm that appellant asserts based on legislative history is purely speculative. 
There is nothing in the record to demonstrate that the jury in this case considered or
applied the concept of good conduct time when assessing appellant’s sentence. 
          The charge given instructed the jury not to consider the manner in which parole
law might be applied to appellant. We must presume that the jury understood and
followed these instructions. See Stokes v. State, 74 S.W.3d 48, 51 (Tex.
App.—Texarkana 2002, pet. ref’d) (citing Hutch, 922 S.W.2d at 172). Furthermore,
the instructions informed the jury that appellant had to serve actual time of “one-half
of the sentence imposed or 30 years.” 
          The evidence of guilt was substantial and largely uncontested. Appellant
stipulated to two prior felony convictions for aggravated robbery and theft and a prior
misdemeanor conviction for possession of a controlled substance. Because appellant
pleaded “true” to the enhancement paragraph of the indictment, he faced not less than
15 years nor more than 99 years or life in prison. Tex. Pen. Code Ann. § 12.42
(Vernon 2003 & Supp. 2006). During closing arguments, neither the State nor
appellant referenced parole or good conduct time. Appellant’s counsel argued that
the jury should consider the full range of punishment. He further explained to the
jury, “[Y]ou’re not to try to determine how long an accused would serve in reaching
what a proper sentence would be.” The State argued that nothing less than 50 years
in prison would be appropriate. The jury assessed punishment at 60 years in prison. 
Based on this record, we cannot conclude that appellant has demonstrated any actual
harm, much less egregious harm. See Bolden, 73 S.W.3d at 434; Myres v. State, 866
S.W.2d 673, 674 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). We overrule
appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 

 
Tim Taft
Justice
 
Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).