ACCEPTED
12-15-00129-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/23/2015 10:39:47 AM
CATHY LUSK
CLERK

## Nos. 12-15-00130-CR & 12-15-00129-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/23/2015 10:39:47 AM
CATHY S. LUSK
~~Clerk~~

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

## LATOSHA LANETTE MCGEE

### Appellant,

### v.

## THE STATE OF TEXAS

### Appellee

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause Nos. 114-1775-13 and 114-1776-13

## ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Melvin Thompson
423 S. Spring St.
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................... ii

TABLE OF CONTENTS.......................................................................................... iii

INDEX OF AUTHORITIES ...................................................................................... iv

STATEMENT OF THE CASE.................................................................................... 2

ISSUE PRESENTED................................................................................................ 3

STATEMENT OF FACTS ........................................................................................ 3

PROFESSIONAL EVALUATION OF THE RECORD ................................................. 3

SUMMARY OF THE ARGUMENT ........................................................................... 4

ARGUMENT ......................................................................................................... 4

  **I.    THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APELLANT'S COMMUNITY SUPERVISION** ................... 5

  Standard of Review.............................................................................................. 5

  A. There was Legally Sufficient Evidence to Support the Revocation ................... 5

    1. The Plea ....................................................................................................... 6

    2. Sufficiency of the Evidence .......................................................................... 7

  B. Appellant's Setence was Within the Statutory Range of Punishment................. 9

  C. Appellant Received Effective Assistance of Counsel ....................................... 10

CONCLUSION AND PRAYER ................................................................................ 11

CERTIFICATE OF SERVICE .................................................................................. 12

CERTIFICATE OF COUNSEL ................................................................................ 13

CERTIFICATE OF COMPLIANCE.......................................................................... 13

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Anders v. California,*
   386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................................... 3, 11, 13

*Robinson v. California,*
   370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) .................................... 9

*Solem v. Helm,*
   463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) ................................ 9

*Strickland v. Washington,*
   466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984) ................................ 10


**TEXAS COURT OF CRIMINAL APPEALS:**

*Aguirre-Mata v. State,*
   125 S.W.3d 473 (Tex.Crim.App. 2003) ....................................................... 6

*Cardona v. State,*
   665 S.W.2d 492 (Tex.Crim.App. 1984) ....................................................... 4

*Cobb v. State,*
   851 S.W.2d 871 (Tex.Crim.App. 1993) ....................................................... 7, 8

*Cole v. State,*
   578 S.W.2d 127 (Tex.Crim.App. 1979) ....................................................... 7

*Ex parte Brown,*
   158 S.W.3d 449 (Tex.Crim.App. 2005) ....................................................... 10

*Garcia v. State,*
   57 S.W.3d 436 (Tex.Crim.App. 2001) ......................................................... 11

*Hernandez v. State,*
   988 S.W.2d 70 (Tex.Crim.App. 1999) ......................................................... 10

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Jackson v. State,*
   877 S.W.2d 768 (Tex.Crim.App. 1994) ...................................................... 11

*Jordan v. State,*
   495 S.W.2d 949 (Tex.Crim.App. 1973) ...................................................... 9

*Lyles v. State,*
   850 S.W.2d 497 (Tex.Crim.App. 1993) ...................................................... 4

*Mendez v. State,*
   138 S.W.3d 334 (Tex.Crim.App. 2004) ...................................................... 6

*Miniel v. State,*
   831 S.W.2d 310 (Tex.Crim.App. 1992) ...................................................... 11

*Moore v. State,*
   605 S.W.2d 924 (Tex.Crim.App. 1980) ...................................................... 7

*Moore v. State,*
   694 S.W.2d 528 (Tex.Crim.App. 1985) ...................................................... 11

*Moses v. State,*
   590 S.W.2d 469 (Tex.Crim.App. 1979) ...................................................... 7 n.2

*Rhoades v. State,*
   934 S.W.2d 113 (Tex.Crim.App. 1996) ...................................................... 9

*Rickles v. State,*
   202 S.W.3d 759 (Tex.Crim.App. 2006) ...................................................... 4, 7

*Stafford v. State,*
   813 S.W.2d 503 (Tex.Crim.App. 1991) ...................................................... 11

*Thompson v. State,*
   9 S.W.3d 808 (Tex.Crim.App. 1999) ...................................................... 11

## TEXAS COURTS OF APPEAL:

*Brooks v. State*,
  995 S.W.2d 762 (Tex.App.—San Antonio 1999).........................................7

*Canseco v. State*,
  199 S.W.3d 437 (Tex.App.—Houston [1st Dist.] 2006) .............................5

*Castaneda v. State,*
  135 S.W.3d 719 (Tex.App.—Dallas 2003) ..................................................9

*Duke v. State*,
  2 S.W.3d 512 (Tex.App.—San Antonio 1999)..............................................4

*Hays v. State,*
  933 S.W.2d 659 (Tex.App.—San Antonio 1996) ...........................5, 6, 7, 8

*Joseph v. State*,
  3 S.W.3d 627 (Tex.App.—Houston [14th Dist.] 1999)................................5

*Lewis v. State*,
  195 S.W.3d 205 (Tex.App.—San Antonio 2006)..........................................5

*Mays v. State*,
  904 S.W.2d 290 (Tex.App.—Fort Wroth 1995)............................................4

*Noland v. State*,
  264 S.W.3d 144 (Tex.App.—Houston [1st Dist.] 2007) ..............................9

*Reasor v. State*,
  281 S.W.3d 129 (Tex.App.—San Antonio 2008)..........................................8

*Roman v. State,*
  145 S.W.3d 316 (Tex.App.—Houston [14th Dist.] 2004)...........................10

*Sims v. State*,
  326 S.W.3d 707 (Tex.App.—Texarkana 2010).............................................6

*Trevino v. State*,
  174 S.W.3d 925 (Tex.App.—Corpus Christi 2005) .....................................9

**STATUTES AND OTHER CONSTITUTIONAL PROVISIONS:**

TEX. HEALTH & SAFETY CODE § 481.115 .......................................................... 9

TEX. PEN. CODE § 12.34 ...................................................................... 10

TEX. PEN. CODE § 12.35 ..................................................................... 9-10

TEX. PEN. CODE § 22.01 ...................................................................... 10

TEX. R. APP. P. 33.1 ........................................................................ 6, 9

U.S. CONST. AMEND. VIII .................................................................... 9

U.S. CONST. AMEND. XIV ................................................................... 9

**Nos. 12-15-00130-CR & 12-15-00129-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**LATOSHA LANETTE MCGEE**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause Nos. 114-1775-13 and 114-1776-13

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Latosha McGee and files this brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Latosha McGee seeks to appeal her convictions and sentences for the offenses of Possession of a Controlled Substance and Assault on a Public Servant rendered against her in the 114th District Court of Smith County, Texas. (I CR1 98; I CR2 105).[1] After being indicted for theses offenses in December of 2013, Ms. McGee entered pleas of "guilty" in each case and was placed on deferred adjudication community supervision for a period of five years. (I CR1 60; I CR2 62).

In April of this year, the State, by way of an Application to Proceed to Final Adjudication, sought to revoke that community supervision. (I CR1 93; I CR2 101). Following a hearing on that application the trial court did adjudicate guilt, revoked Ms. McGee's community supervision, and imposed a sentence of confinement on 24 April 2015. (I CR1 98; I CR2 105). Notice of appeal was then timely filed. (I CR1 105; I CR2 114).

---

[1] The Clerk's Record in cause 12-15-00129-CR / 114-1775-13 is cited as "CR1" and that of cause 12-15-00130-CR / 114-1776-13 as "CR2."

## ISSUE PRESENTED

## THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION.

## STATEMENT OF FACTS

In early 2014 Appellant, Ms. Latosha McGee, entered pleas of "guilty" in the two cases currently before the Court. (I CR1 60; I CR2 62). In exchange for her plea, she was placed by agreement on a five-year term of deferred adjudication community supervision. (*Id.*).

In April of this year, the State, by way of an Application to Proceed to Final Adjudication, sought to revoke that community supervision. (I CR1 93; I CR2 101). Following a hearing on that application the trial court did adjudicate guilt, revoked Ms. McGee's community supervision, and imposed a sentence of confinement on 24 April 2015. (I CR1 98; I CR2 105). Notice of appeal was then timely filed. (I CR1 105; I CR2 114).

## PROFESSIONAL EVALUATION OF THE RECORD

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a profes-

3

sional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23 (Tex.App.—Fort Worth 1995, no pet.).

## SUMMARY OF THE ARGUMENT

Pursuant to the responsibilities and requirements of the governing code of professional conduct, a thorough review of the record has been made. Counsel's research has revealed no arguable, non-frivolous grounds that could be advanced in support of a claim that there exists reversible error in the trial, judgment, or sentence of Appellant. A review and analysis of any potential issues is herein presented for the Court.

## ARGUMENT

### Standard of Review

Where a trial court revokes a previously imposed term of community supervision the decision to do so is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). A trial court abuses its discretion if it acts without reference to guiding principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993). This review considers the record in the light most favorable to the trial court's decision. *Duke v. State*, 2 S.W.3d 512, 515 (Tex.App.—San Antonio 1999, no pet.).

4

Proof of even a single violation is sufficient to support a revocation. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). Therefore, in order to prevail an appellant must show that taking the evidence in the light most favorable to the court's decision there is insufficient evidence to support each and every finding of the court. *Lewis v. State*, 195 S.W.3d 205, 209 (Tex.App.—San Antonio 2006, no pet.); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Additionally, a plea of true, standing alone, is sufficient to support a trial court's revocation of community supervision. *See Hays v. State*, 933 S.W.2d 659, 661 (Tex.App.—San Antonio 1996, no pet.) (holding that a plea of "true" to any violation can by itself support a revocation).

**THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION.**

A. There Was Legally Sufficient Evidence to Support the Revocation.

By way of a written motion to proceed to final adjudication, Ms. McGee was alleged to have violated the terms of her community supervision. (I CR1 93; I CR2 101). The application included the following allegations:

| Application Paragraph | Allegation |
|---|---|
| I | Identity of Defendant |
| II | Possession of a Controlled Substance |
| III | Use of a Controlled Substance |
| IV and V | Failure to Pay Fees and Costs |

5

(*Id*.).  To paragraphs I, IV, and V, pleas of "true" were entered.  (VII RR 10-12.).

Thus, if the pleas of "true" were entered freely, knowingly, and voluntarily, the trial court had before it sufficient evidence to revoke Ms. McGee's community supervision.  *Hays*, 933 S.W.2d at 661.

### 1. The Plea

Before accepting her pleas, the trial court advised Ms. McGee as to the consequences of entering her pleas, including the potential range of punishment, and also advised her of the right to remain silent and the right to have a hearing on the allegations at issue.  (VII RR 4-13).  After having been so advised, Ms. McGee persisted in her desire to enter pleas of "true" and gave no indication that she was doing so involuntarily.  (*Id*.); *see Sims v. State*, 326 S.W.3d 707, 713 (Tex.App.—Texarkana 2010, pet. struck) (*citing Mendez v. State*, 138 S.W.3d 334, 350 (Tex.Crim.App. 2004)) (holding that challenges to the voluntariness of a plea must be raised before the trial court in order to preserve the error for appeal); *see also* TEX. R. APP. PROC. 33.1(a)(1).  Finally, could any error be advanced regarding the trial court's admonishments, such error would be non-constitutional error subject to a harm analysis and, given the record before the Court, Ms. McGee could not meet that burden in this case.  *See Aguirre-Mata v. State*, 125 S.W.3d 473, 474-76 (Tex.Crim.App. 2003).

## 2. Sufficiency of the Evidence

The State must prove allegations in a revocation setting by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Evidence, therefore, is sufficient if an analysis of its comparative weight tends to support the trial court's conclusion that at least one condition of probation was violated. *See Rickels*, 202 S.W.3d at 764 (holding that evidence is sufficient to support a revocation where the greater weight of the credible evidence before the court supports a reasonable belief that a condition of probation has been violated). Moreover, a plea of true, standing alone, is sufficient to support a trial court's revocation of community supervision. *See Hays v. State*, 933 S.W.2d 659, 661 (Tex.App.—San Antonio 1996, no pet.) (holding that a plea of "true" to any violation can by itself support a revocation). Thus, where the Court finds that a voluntary plea of true was entered, as was the case here, the evidence is legally sufficient to support the revocation. (V RR 14); *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Brooks v. State*, 995 S.W.2d 762, 763 (Tex.App.—San Antonio 1999, no pet.).[2]

Because a validly made plea of true to even a single violation provides sufficient evidence to support a revocation, the Court need not look at those allegations

---

[2] The record also contains a written stipulation of evidence, signed by Ms. McGee, offered and accepted by the court at trial, and admitting to the truth of the allegations made against her. (I CR1 103; I CR2 110; VII RR 13). Such a written stipulation is, likewise, sufficient to support the trial court's decision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979) (a plea of true and written stipulation is sufficient to support revocation).

to which pleas of "not true" were made. *Hays*, 933 S.W.2d at 661; *see also Reasor v. State*, 281 S.W.3d 129, 134 (Tex.App.—San Antonio 2008, pet. ref'd) (holding that where the Court finds that the record supports any ground alleged as a basis for revocation the Court need not look to the sufficiency of any other ground alleged);

However should the Court do so, such a review reveals that there was evidence as to those violations from which the Court could have concluded that they had been proved. Specifically, as to the allegations relating to the use and possession of cocaine, the technician who oversaw the detailed testing of Ms. McGee's urine sample that had originally revealed the presence of cocaine, testified that, although the amount of cocaine found in the sample was low it was, nonetheless, could indicate use. (VII RR 26). While he also conceded that the sample results may also show secondhand exposure or the result of Ms. McGee taking amoxicillin and such a scenario could not be ruled out, the trial court, under the applicable preponderance of the evidence standard, could have found that the totality of the evidence weighed in favor of a finding that it was more likely than not that Ms. McGee had consumed cocaine while on probation. (VII RR 26, 30, 31, 38, 46); *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993) (State must prove allegations by a preponderance of the evidence).

B.  Appellant's Sentence Was Within the Statutory Range of Punishment.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment."  U.S. CONST. AMEND. VIII.  The Eighth Amendment is applicable to the states through the Fourteenth Amendment.  U.S. CONST. AMEND. XIV; *Robinson v. California*, 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

Here, neither Ms. McGee nor her trial counsel raised the issue of cruel or excessive punishment at the time sentence was imposed and, therefore, this issue has likely been waived on appeal.  *See* TEX. R. APP. PROC. 33.1(a)(1)(A); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex.App.—Houston [1st Dist.] 2007, pet. ref'd); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.); *but see Solem v. Helm*, 463 U.S. 277, 288, 103 S.Ct. 3001, 3008-09, 77 L.Ed.2d 637 (1983) (noting exception to this general rule if sentence assessed is grossly disproportionate to the crime).  Additionally, the sentences imposed of eighteen months and seven years' confinement were within the statutory punishment ranges for the respective offenses and, consequently, are virtually presumed not to be constitutionally cruel and unusual.  (I CR1 98; I CR2 105); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex.App.—Corpus Christi 2005, pet. ref'd); *see also* TEX. HEALTH & SAFETY CODE § 481.115 (defining possession of a controlled substance as alleged as a state jail felony); TEX. PEN

CODE § 12.35 (punishment range for a state jail felony); TEX. PEN. CODE § 22.01(defining assault as alleged as a third degree felony); TEX. PEN CODE § 12.34 (punishment range for a third degree felony).

Finally, due process requires that the trial court consider the full range of punishment for an offense and weigh both mitigating and incriminating evidence in the assessment of sentence. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex.Crim.App. 2005). In the absence of a clear showing to the contrary, on appeal the Court will presume that the trial court did not act arbitrarily and considered all of the evidence before it. *Roman v. State*, 145 S.W.3d 316, 319 (Tex.App.—Houston [14th Dist.] 2004, pet. ref'd). Given the record before the Court, this presumption cannot be overcome on direct appeal.

C. Appellant Received Effective Assistance of Counsel.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail in a claim of ineffective assistance of counsel, a defendant must show (1) that her trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a pre-

ponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Finally, trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With this standard in mind, a comprehensive review of the record has been made of the proceedings including pretrial matters, Ms. McGee's original pleas, the revocation hearing, and the arguments of counsel. Here, that review fails to shows, given the totality of the representation provided by trial counsel, any basis from which to argue that ineffective assistance was rendered. *See, e.g., Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Ms. McGee the opportunity to review the record and file a *pro se* brief should she desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

11

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by facsimile on this the 23rd day of July 2015.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.


/s/ Austin Reeve Jackson


## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,576 words.

/s/ Austin Reeve Jackson