Tracy BROOKS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–98–00083–CR, 04–98–00084–CR.

Court of Appeals of Texas,
San Antonio.

May 19, 1999.

Arnold A. Garcia, Austin, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice TOM RICKHOFF, Justice ALMA L. LÓPEZ, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

This is an appeal from the trial court's order to revoke appellant's probation for class B misdemeanor offenses of criminal mischief and terroristic threat. *See generally* TEX. PENAL CODE ANN. §§ 30.05, 22.07 (Vernon 1994). On June 4, 1997, appellant, Tracy Brooks, waived a jury trial for both offenses and entered pleas of nolo contendere. Appellant was placed on one year probation for both offenses. On October 17, 1997, the State submitted its motion to enter an adjudication of guilty and revoke probation. The trial court found appellant in violation of a term of his probation, specifically, failing to report to his probation officer. The trial court sentenced appellant to six months work release and fined him $350.00 for the offense of criminal mischief, and $200.00 for the offense of terroristic threat. We affirm.

Appellant alleges that the trial court abused its discretion in finding that he failed to report to his probation officer based solely on the assertions of the State prosecutor. He asserts that while the probation officer was present in the court, he was not called to testify. He points to probation condition number 5 which reads as follows:

> Report, in person, to the Supervision Officer of Bexar [County], Texas on the 4th day of each month and when said day of the Month falls on Saturday, Sunday, or legal holiday, then you will report on the next working day or as directed by the court/ [sic] Supervision

Officer; and conduct yourself in a proper and orderly manner;. [sic]

Appellant contends that such a condition effectively transferred the responsibility of appellant's appearance to the probation officer. The State, on the other hand, contends that appellant's plea of true to the allegation of a probation violation was sufficient to support revocation. We agree with the State.

When reviewing an order to revoke probation, the sole question before the appellate court is whether the trial court abused its discretion. *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App. 1983); *Friedl v. State,* 773 S.W.2d 72, 73 (Tex.App.—Houston 1989, no pet.). In a probation revocation hearing, the State must prove by a preponderance of the evidence that the appellant violated a condition of his or her probation. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). A plea of true, standing alone, is sufficient to support the trial court's order of revocation. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App.1979); *Hays v. State,* 933 S.W.2d 659, 661 (Tex.App.—San Antonio 1996, no pet.).

In the present case, appellant entered a plea of true when asked by the court whether he violated the term of his probation which required reporting to his probation officer. He entered a plea of true. Once that plea of true was entered, appellant was precluded from challenging the sufficiency of the evidence against him. *See Hays,* 933 S.W.2d at 661. For this reason, the trial court was in its discretion to find that appellant had violated a term of his probation. Accordingly, we find appellant's argument is without merit and affirm the decision of the trial court.