MARY'S OPINION HEADING 



 NO. 12-01-00244-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DENNIS RAYMOND KENT,
§
 APPEAL FROM THE 294TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 VAN ZANDT COUNTY, TEXAS

 

 Appellant, Dennis Raymond Kent ("Appellant"), appeals the trial court's order revoking his
probation. Appellant raises seven issues on appeal. We affirm.


Background


 On February 28, 2001, a jury found Appellant guilty of manslaughter and sentenced him to
probation for ten years. On July 10, 2001, the State of Texas ("State") filed a motion to revoke
Appellant's probation. The State alleged in six counts that Appellant violated the terms of his
probation by admitting he had used marijuana on June 15, 2001, testing positive for marijuana by
urinalysis conducted on July 2, 2001, failing to pay court costs for the months of May and June 2001,
failing to pay probation supervisory fees for the months of May and June 2001, failing to pay court-ordered fines for the months of May and June 2001, and failing to pay urinalysis fees for the months
of May and June 2001. Appellant pleaded true to all six allegations. Following an evidentiary
hearing on the matter, the trial court signed an order revoking Appellant's probation, and on August
8, 2001, sentenced Appellant to imprisonment for ten years.


Sufficiency of the Evidence


 In his first five issues, Appellant challenges the sufficiency of the evidence to revoke his
probation, to revoke his community supervision, and to support his plea of true. In his sixth and
seventh issues, he contends the evidence was insufficient to establish that he had a habit of drug use
and to show that a random urinalysis was sufficient to sustain the allegation of marijuana use. The
standard of review on appeal of the court's decision to revoke an order of community supervision
is abuse of discretion. Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). An
abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside
that zone within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992).

 Community supervision may be revoked upon a finding that a defendant has violated the
terms and conditions of his community supervision order. See Lee v. State, 952 S.W.2d 894, 897
(Tex. App.-Dallas 1987, no pet.). An appellate court is limited to reviewing whether the trial court
abused its discretion in revoking community supervision. Id. Proof of any one alleged violation is
sufficient to support an order revoking community supervision. See O'Neal v. State, 623 S.W.2d
660, 661 (Tex. Crim. App. 1981). A plea of true, standing alone, is sufficient to support the trial
court's order of revocation. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Brooks
v. State, 995 S.W.2d 762, 763 (Tex. App.-San Antonio 1999, no pet.).

 In the case at hand, Appellant's pleaded true to six allegations in the State's motion to revoke
probation. Once Appellant pleaded true to the six violations of his probation, he was precluded from
challenging the sufficiency of the evidence against him. See Brooks, 995 S.W.2d at 763. Therefore,
the trial court did not abuse its discretion by revoking Appellant's probation. Appellant's seven
issues are overruled.

 We affirm the trial court's order revoking Appellant's probation.


 JIM WORTHEN 

 Justice

Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)