NUMBER
13-01-701-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTI B
EDINBURG

 

 

DANIEL CHAPA,                                                               
 Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                           Appellee.

 

 

                 On appeal from the 156th District Court

                           of
Dallas County, Texas.

 

 

                               O
P I N I O N

 

        Before Chief Justice Valdez and Justices
Dorsey and Rodriguez

                              Opinion by
Chief Justice Valdez

 








Appellant,
Daniel Chapa, appeals the trial court=s judgment revoking his probation and sentencing him to six
years confinement in the Institutional Division of the Texas Department of
Criminal Justice.  We affirm the trial
court=s judgment.

                                                       Introduction

On April 15,
1999, appellant pleaded guilty to a four-count indictment alleging the felony
offense of burglary of a habitation.  See
Tex. Pen. Code Ann. ' 30.02 (Vernon Supp. 2002).  The trial court assessed punishment at
imprisonment for seven years, awarded community supervision for seven years,
and assessed a fine of $2,500.00.  

In June of
2001, the State filed a motion to revoke appellant=s community supervision on grounds that appellant (1) caused
bodily injury to another, (2) failed to complete the Treatment Associates
Outpatient AfterCare Program, (3) failed to pay his supervisory fees, and (4)
failed to pay his fine and court costs.  

On September
20, 2001, the trial court held a hearing on the State=s motion to revoke.  The
State abandoned all allegations in the motion to revoke except for the
allegation that appellant failed to complete the Treatment Associates
Outpatient AfterCare Program.  At the
conclusion of the hearing, the trial court found that appellant had failed to
complete the Treatment Associates Outpatient AfterCare Program, revoked
appellant=s community
supervision, and sentenced appellant to six years confinement in the
Institutional Division of the Texas Department of Criminal Justice.  

                                                 Terms
of Probation








In his first
issue, appellant complains that the trial court erred in revoking his community
supervision because he was not given adequate notice of the terms of probation,
thus violating his due process rights.

A trial court
has broad discretion to impose conditions of probation.  Greathouse v. State, 33 S.W.3d 455,
459 (Tex. App.BHouston [1st Dist.] 2000, pet. ref=d).  The conditions of
probation must be reasonable and must be designed to protect or restore the
community, protect or restore the victim, or punish, rehabilitate, or reform
the defendant.  Tex. Code Crim. Proc. Ann. art. 42.12, '
11(a) (Vernon Supp. 2002).  The
conditions must be clear, explicit, and unambiguous so that the probationer
understands what is expected of him.  Greathouse,
33 S.W.3d at 459; Todd v. State, 911 S.W.2d 807, 817 (Tex. App.BEl Paso 1995, no pet.). 


The failure to
timely appeal from a conviction resulting in community supervision waives the
right to appeal.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(b) (Vernon Supp. 2002); Satterwhite v. State, 36
S.W.3d 145, 149 (Tex. App.BHouston [1st Dist.] 2000, pet. ref=d). No appeal may be taken from the trial court=s determination to proceed with adjudication of guilt on the
original charge.  See Tex. Code Crim. Proc. Ann. art. 42.12,
'
5 (Vernon Supp. 2002); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992).  Moreover, a
defendant placed on deferred adjudication probation may raise issues relating
to the original plea proceedings only in appeals taken when deferred
adjudication probation is first imposed. 
See  Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 








Allegations
that the conditions of probation are vague concern appellant=s conviction, and thus, should be raised by timely appeal when
appellant is placed on supervision rather than after the revocation of
appellant=s
supervision.  Olowosuko, 826
S.W.2d at 942; Anthony v. State, 962 S.W.2d 242, 246 (Tex. App.BFort Worth 1998, no pet.); Abdallah v. State, 924 S.W.2d
751, 754-55 (Tex. App.BFort Worth 1996, pet. ref=d); see Kirtley v. State, 56 S.W.3d 48, 50-51 (Tex.
Crim. App. 2001) (appellant may not challenge trial court=s decision to adjudicate guilt, but may challenge aspects of Asecond phase to determine punishment@).  Because appellant did
not appeal his conviction on the basis that the terms and conditions of
probation were vague and ambiguous when probation was originally imposed, he
may not complain that the conditions are vague and ambiguous for the first time
on appeal from revocation of his probation. 
Olowosuko, 826 S.W.2d at 942; Anthony,
962 S.W.2d at 246; Abdallah, 924 S.W.2d at 754-55. 

We overrule appellant=s first issue.

                             Legal
and Factual Sufficiency of the Evidence

By his second issue appellant argues that the evidence is
legally and factually insufficient to support the revocation of his community
supervision.  








We review the trial court=s decision to
revoke an order of community supervision under an abuse of discretion
standard.  Cardona
v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).  An abuse of discretion occurs only when the
trial court=s decision was Aso clearly
wrong as to lie outside that zone within which reasonable persons might
disagree.@  Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992).

In a revocation proceeding, the State must prove that appellant
violated a condition of community supervision by the preponderance of the
evidence.  Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  Proof of a single violation is sufficient to
support the revocation of community supervision.  O=Neal v. State, 623 S.W.2d
660, 661 (Tex. Crim. App. 1981).  A plea
of true, standing alone, is also sufficient to support the trial court=s revocation
order.  Moses v. State, 590 S.W.2d
469, 470 (Tex. Crim. App. 1979); Brooks v. State, 995 S.W.2d 762, 763
(Tex. App.BSan Antonio
1999, no pet.).  In determining the
sufficiency of the evidence to sustain a probation revocation, we view the
evidence in the light most favorable to the trial court=s ruling.  Jones v. State, 589
S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979). 

In the case at hand, appellant pleaded true to the allegations
in the State=s motion to
revoke.  His plea is reflected in a
written Aplea of true@ filed with the
court.  The appellant also verbally
pleaded guilty to the allegation in open court. 
Through questioning at the hearing on the motion to revoke, the trial
court ascertained that appellant=s plea was made
because the allegations were true, that his plea was not forced or coerced, and
that his plea was made freely and voluntarily. 
The trial court also found that appellant was competent to make the plea
of guilty.








Once appellant pleaded true, he was precluded from challenging
the sufficiency of the evidence against him. 
See Brooks, 995 S.W.2d at 763.  The plea of true, standing alone, adequately
supports the trial court=s determination
that appellant violated a condition of his probation.  Moses, 590 S.W.2d at
470. 

Moreover, viewing the evidence in the light most favorable to
the trial court=s ruling, there
is sufficient evidence to show that appellant violated the terms of his
probation by failing to successfully complete the Treatment Associates
Outpatient AfterCare Program as required by his terms of probation.  See Jones, 589
S.W.2d at 421.  In response to
questioning by the State, appellant admitted that he had failed to attend the
AfterCare meetings.

We conclude that the trial court did not abuse its discretion
in revoking appellant=s community
supervision.

                                                        Conclusion

Having
overruled each of appellant=s issues on
appeal, we affirm the judgment of the trial court.

 

 

 

 

ROGELIO
VALDEZ

Chief
Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed

this20th day of June,
2002.