NO. 12-05-00027-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
BILLY DON TADLOCK,                                   §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
PER CURIAM

            Billy Don Tadlock appeals his conviction for theft of a firearm, for which he was sentenced
to two years of confinement in a state jail and a $10,000 fine. Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.
 
Background
            Appellant was charged by indictment with theft of a firearm, a state jail felony.


 On July 21,
2003, Appellant entered an open plea of guilty to the offense charged in the indictment. Appellant
and his counsel signed an acknowledgment of admonishments, a waiver of jury trial, an agreement
to stipulate testimony, and a written stipulation of evidence in which Appellant swore that all
allegations pleaded in the indictment were true. Appellant also waived his right to appeal. The trial
court deferred further proceedings without entering an adjudication of guilt and ordered that
Appellant be placed on deferred adjudication community supervision (probation) for a period of five
years.


 
            On September 28, 2004, the State filed a first amended application to proceed to final
adjudication, alleging that Appellant had violated the terms of his community supervision
(probation). On October 14, 2004, the trial court held a hearing on the State’s application. Appellant
pleaded “true” to five of the six paragraphs of the State’s application and stipulated to evidence that
he violated community supervision. More specifically, Appellant pleaded “true” that he violated the
terms of his community supervision in that on September 23, 2004, he used and/or consumed a
controlled substance, to wit: methamphetamine. However, Appellant pleaded “not true” to the
State’s allegation that he violated the terms of his community supervision by causing bodily injury
to Amanda McNair. 
            At the hearing, McNair testified that on August 23, 2004, Appellant knocked on the door of
her apartment at approximately 3:00 a.m. After she let him in, McNair returned to bed, but
Appellant insisted on having a conversation. McNair requested that Appellant be quiet or leave. He
refused to do either. In the argument that ensued, Appellant attempted to prevent McNair from
leaving her apartment or getting dressed. McNair testified that she began to scream very loudly,
begging him to let her go, let her leave the apartment, and leave her alone. At that point, McNair
stated, Appellant pushed her down on her bed, got on top of her, held her down, and covered her
mouth so that he would not hear her scream. McNair testified that she sustained contusions to her
right leg and hip as a result of Appellant’s alleged assault. On cross-examination, McNair admitted
that she had not given the State any medical records reflecting her injuries.
            At the conclusion of the revocation hearing, the trial court found it “true” that Appellant
violated his community supervision as alleged by the State. More specifically, the trial court found
it “true” that Appellant violated the conditions of his community supervision in that he failed to obey
the law by intentionally, knowingly, or recklessly causing bodily injury to Amanda McNair by sitting
on top of her and covering her mouth. Accordingly, the trial court revoked Appellant’s community
supervision, adjudicated Appellant guilty as charged in the indictment, and assessed punishment at
two years of confinement in a state jail and a $10,000 fine.


 This appeal followed. 
 
Analysis pursuant to Anders v. California
            Appellant’s counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. Appellant did not file a pro
se brief. From our review of Appellant’s brief, it is apparent that his counsel is well acquainted with
the facts in this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel’s brief presents a chronological summation of the procedural history
of the case and further states that counsel is unable to raise any meritorious issues for appeal. 
            Nonetheless, in his notice of appeal, Appellant appears to question the sufficiency of the
evidence at the revocation hearing regarding the State’s allegations that he caused bodily injury to
McNair. When reviewing an order to revoke probation, the sole question before an appellate court
is whether the trial court abused its discretion. Brooks v. State, 995 S.W.2d 762, 763 (Tex. App.–San
Antonio 1999, no pet.). At such a hearing, the State must prove by a preponderance of the evidence
that a defendant violated the terms of his probation. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993). However, a plea of true, standing alone, is sufficient to support the trial court’s order
of revocation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Brooks, 995 S.W.2d
at 763. Even if the evidence regarding Appellant’s alleged assault was insufficient to support a
finding of true by the trial court, Appellant pleaded “true” to four other paragraphs in which the State
alleged that he violated community supervision. Moreover, one of those paragraphs included an
allegation that Appellant used and/or consumed a controlled substance. Therefore, the trial court did
not abuse its discretion in finding that Appellant had violated one or more terms of his community
supervision and in revoking his probation.
            However, Appellant’s counsel notes that Appellant, in his notice of appeal, contends that the
punishment assessed by the trial court was excessive because he had “never been in trouble or [had]
a criminal record.” Generally, punishment assessed within the statutory limits is not excessive, cruel,
or unusual. Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Alvarez v. State, 63
S.W.3d 578, 580 (Tex. App.–Fort Worth 2001, no pet.). Moreover, once a trial court adjudicates a
defendant’s guilt after previously deferring adjudication, the entire range of punishment is open to
the court. Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999); McCoy v. State,
81 S.W.3d 917, 919 (Tex. App.–Dallas 2002, pet. ref’d). Here, the punishment assessed by the trial
court falls within the statutory range. See Tex. Pen. Code Ann. § 12.35. Therefore, Appellant’s
punishment is not prohibited as excessive, cruel, or unusual. See Jordan, 495 S.W.2d at 952;
Alvarez, 63 S.W.3d at 580. A narrow exception to this rule is recognized where the sentence is
grossly disproportionate to the offense. Alvarez, 63 S.W.3d at 580. However, Appellant’s counsel
does not indicate in his brief where Appellant objected to the length of the sentence at the trial level,
and we cannot find such an objection in our own review of the record. See Bloch v. State, No. 2-03-363-CR, 2004 WL 2712149, at *3 (Tex. App.–Fort Worth Nov. 24, 2004, pet. ref’d) ( not designated
for publication). Without such objection, error, if any, is waived. See Tex. R. App. P. 33.1; Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). 
 
Conclusion
            We have reviewed the record for reversible error and have found none. As required by
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s counsel has moved for
leave to withdraw. We carried the motion for consideration with the merits of the appeal. Having
done so and finding no reversible error, Appellant’s counsel’s motion for leave to withdraw is hereby
granted and the trial court’s judgment is affirmed.
 
 
Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
(DO NOT PUBLISH)