

## NUMBER 13-10-00148-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

OSCAR GARCIA JR.,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

### On appeal from the 156th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez, and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Oscar Garcia Jr., was sentenced to ten years' deferred adjudication probation for indecency with a child. TEX. PENAL CODE ANN. § 21.11 (West 2003). His probation was revoked and he was sentenced to eight years' confinement in the Texas Department of Criminal Justice–Institutional Division. By two issues, Garcia contends

that: (1) the trial court abused its discretion when it revoked his community supervision; and (2) trial court erred in assessing a fine outside of his presence. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.12, § 21.11; 42.03, § 1(a) (West 2009). We affirm.

## I. BACKGROUND

Garcia was convicted of indecency with a child in October 2000 and was placed on a ten-year term of deferred adjudication probation. TEX. PENAL CODE ANN. § 21.11 (West 2003). Over the course of ten years, the State filed three motions to revoke Garcia's probation. The first motion to revoke community supervision, filed on October 4, 2001, alleged that Garcia violated his probation by accompanying a person under the age of eighteen without the presence of the minor's parent or parents. The second motion to revoke, filed on March 8, 2007, alleged that Garcia violated his probation by accompanying four persons under the age of eighteen without the presence of the minors' parent or parents and that he failed to participate in a weekly sex offender therapy program. The third motion to revoke, filed on April 14, 2009, alleged that Garcia violated his probation by being within one-thousand feet of a public park where children were under eighteen years of age. On each occasion, the court denied the State's motion to revoke and Garcia was allowed to continue on probation.

However, on October 16, 2009, the State filed a fourth motion to revoke community supervision, which resulted in a revocation hearing and the instant appeal. The fourth motion to revoke alleged that Garcia violated the terms and conditions of his community supervision when he was found at a residence within one-thousand feet of a school zone. Garcia pled true to the alleged violation of his community supervision and the court ordered his probation to be revoked. The court adjudicated Garcia's guilt and

sentenced him to eight years' confinement.

Garcia was originally assessed a fine of $5,000 on October 19, 2000, $4,000 of which was probated. On December 6, 2001, Garcia's original fine was modified, and he was ordered to pay $5,000, $3,000 was probated. On June 2, 2009, the court ordered Garcia to pay restitution in the amount of $3,600 and $1,000 to the Supervision Officer of Bee County, Texas. On the fourth motion to revoke, the court did not impose an additional fine.

## II. STANDARD OF REVIEW

We review a revocation of a probated sentence for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (citing *Caddell v. State,* 605 S.W.2d 275, 277 (Tex. Crim. App. 1980)). "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action." *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). "Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Id.* The general rule is that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1998). Section 12.33 of the penal code provides that the punishment range for a second-degree felony is imprisonment for a term of not more than twenty years or less than two years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (a), (b) (West 2003).

## III. ANALYSIS

### A. Revocation

By his first issue, Garcia contends that the trial court abused its discretion by

3

sentencing him to eight years in confinement, which he claims violates the objectives of the system of prohibitions, penalties, and correctional measures in the Texas Penal Code. "The general purpose of this penal code is to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate." TEX. PENAL CODE ANN. § 1.02 (West 1994). If the State fails to meet its burden of proof that the appellant violated his probation, then the trial court abuses its discretion in revoking community supervision. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

Garcia allegedly violated his probation four times. On the fourth motion to revoke, Garcia voluntarily admitted that he was within one-thousand feet of a school zone, which was a clear violation of the terms of his probation. A plea of true is sufficient to support the trial court's order of revocation. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Books v. State*, 995 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.). In light of the foregoing, we thus conclude that the trial court did not abuse its discretion. We overrule this issue.

### B. Assessment of Fine

By his second issue, Garcia points out that the trial court erred when it assessed the fine outside his presence. A defendant's sentence must be pronounced orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Here, the additional $1,000 fine assessed on June 2, 2009 was never orally pronounced; the judge simply stated that there would be a "fine." "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral

4

pronouncement controls." *Id.*

In this case, there was only a written judgment and not an oral sentence. This error, though, was not harmful. Garcia signed a document stating that he understood the terms and conditions of the plea agreement, and the June 2, 2009 revocation document stated that there was an additional $1,000 fine. In *Coffey v. State*, the Texas Court of Criminal Appeals held that when a fine is assessed at the original plea proceedings, then it was appropriately included in the final judgment for probation revocation. 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998). In this case, the $1,000 fine was imposed during the original proceedings. Thus, it was appropriate in the revocation judgment. *Coffey* also held that when a fine is imposed pursuant to the plea agreement and is signed by the appellant, his attorney, the prosecutor, and the trial judge, then such fine is appropriately included in the judgment revoking probation. *Id.* at 329. Here, Garcia and the trial judge signed the plea agreement that included a provision for the additional $1,000 fine, which substantially complies with *Coffey*. Accordingly, we overrule Garcia's second issue.

### IV. CONCLUSION

Having overruled both issues, we affirm the trial court's ruling.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P.47.2 (b).

Delivered and filed the
30th day of June, 2011.