NUMBER
13-10-00148-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

OSCAR GARCIA JR.,                                     Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the 156th
District Court

of Bee County, Texas.

                                                            
         

 

MEMORANDUM OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez, and Benavides

                      Memorandum
Opinion by Justice Benavides

 

            Appellant,
Oscar Garcia Jr., was sentenced to ten years’ deferred adjudication probation
for indecency with a child.  Tex. Penal
Code Ann. § 21.11 (West 2003).  His probation was
revoked and he was sentenced to eight years’ confinement in the Texas
Department of Criminal Justice–Institutional Division.  By two issues, Garcia
contends that:  (1) the trial court abused its discretion when it revoked his
community supervision; and (2) trial court erred in assessing a fine outside of
his presence.  See Tex. Code Crim.
Proc. Ann. arts. 42.12, § 21.11; 42.03, § 1(a) (West 2009).  We
affirm.

I. Background         

Garcia
was convicted of indecency with a child in October 2000 and was placed on a
ten-year term of deferred adjudication probation.  Tex. Penal
Code Ann. § 21.11 (West 2003).  Over the course of
ten years, the State filed three motions to revoke Garcia’s probation.  The
first motion to revoke community supervision, filed on October 4, 2001, alleged
that Garcia violated his probation by accompanying a person under the age of
eighteen without the presence of the minor’s parent or parents.  The second
motion to revoke, filed on March 8, 2007, alleged that Garcia violated his
probation by accompanying four persons under the age of eighteen without the
presence of the minors’ parent or parents and that he failed to participate in
a weekly sex offender therapy program.  The third motion to revoke, filed on
April 14, 2009, alleged that Garcia violated his probation by being within
one-thousand feet of a public park where children were under eighteen years of
age.  On each occasion, the court denied the State’s motion to revoke and Garcia
was allowed to continue on probation.  

However,
on October 16, 2009, the State filed a fourth motion to revoke community
supervision, which resulted in a revocation hearing and the instant appeal. The
fourth motion to revoke alleged that Garcia violated the terms and conditions
of his community supervision when he was found at a residence within one-thousand
feet of a school zone.  Garcia pled true to the alleged violation of his
community supervision and the court ordered his probation to be revoked.  The
court adjudicated Garcia’s guilt and sentenced him to eight years’ confinement.


            Garcia
was originally assessed a fine of $5,000 on October 19, 2000, $4,000 of which
was probated.  On December 6, 2001, Garcia’s original fine was modified, and he
was ordered to pay $5,000, $3,000 was probated.  On June 2, 2009, the court
ordered Garcia to pay restitution in the amount of $3,600 and $1,000 to the
Supervision Officer of Bee County, Texas.  On the fourth motion to revoke, the
court did not impose an additional fine.

II.  Standard of Review

We
review a revocation of a probated sentence for an abuse of discretion. Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (citing Caddell v. State, 605 S.W.2d 275, 277 (Tex.
Crim. App. 1980)).  “The test for abuse of discretion is not whether, in the
opinion of the reviewing court, the facts present an appropriate case for the
trial court's action.”  Montgomery v. State, 810 S.W.2d 372, 379 (Tex.
Crim. App. 1990).  “Rather, it is a question of whether the court acted without
reference to any guiding rules and principles.”  Id.  The
general rule is that as long as a sentence is within the proper range of
punishment, it will not be disturbed on appeal.  Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1998).  Section 12.33 of the penal code
provides that the punishment range for a second-degree felony is imprisonment
for a term of not more than twenty years or less than two years and a fine not
to exceed $10,000.  See Tex. Penal
Code Ann. § 12.33 (a), (b) (West 2003). 

III.  Analysis

A.  Revocation

            By
his first issue, Garcia contends that the trial court abused its discretion by
sentencing him to eight years in confinement, which he claims violates the
objectives of the system of prohibitions, penalties, and correctional measures
in the Texas Penal Code.  “The general purpose of
this penal code is to establish a system of prohibitions, penalties, and
correctional measures to deal with conduct that unjustifiably and inexcusably
causes or threatens harm to those individual or public interests for which
state protection is appropriate.”  Tex.
Penal Code Ann. § 1.02 (West 1994).  If the State fails to meet
its burden of proof that the appellant violated his probation, then the trial
court abuses its discretion in revoking community supervision.  See Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  

            Garcia
allegedly violated his probation four times.  On the fourth motion to revoke,
Garcia voluntarily admitted that he was within one-thousand feet of a school
zone, which was a clear violation of the terms of his probation.  A plea of
true is sufficient to support the trial court’s order of revocation.  Cole
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Books v. State,
995 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.).  In light of the
foregoing, we thus conclude that the trial
court did not abuse its discretion.  We overrule this issue. 

B.  Assessment
of Fine 

By his second issue, Garcia points out that the trial court
erred when it assessed the fine outside his presence.  A defendant’s sentence
must be pronounced orally in his presence.  Taylor v. State, 131 S.W.3d
497, 500 (Tex. Crim. App. 2004).  Here, the additional $1,000 fine assessed on
June 2, 2009 was never orally pronounced; the judge simply stated that there
would be a “fine.”  “When there is a conflict between the oral pronouncement of
sentence and the sentence in the written judgment, the oral pronouncement
controls.”  Id.  

In this case, there was only a written judgment and not an oral
sentence.  This error, though, was not harmful.  Garcia signed a document
stating that he understood the terms and conditions of the plea agreement, and
the June 2, 2009 revocation document stated that there was an additional $1,000
fine.  In Coffey v. State, the Texas Court of Criminal Appeals held that
when a fine is assessed at the original plea proceedings, then it was
appropriately included in the final judgment for probation revocation.  979
S.W.2d 326, 328–29 (Tex. Crim. App. 1998).  In this case, the $1,000 fine was
imposed during the original proceedings.  Thus, it was appropriate in the
revocation judgment.  Coffey also held that when a fine is imposed
pursuant to the plea agreement and is signed by the appellant, his attorney,
the prosecutor, and the trial judge, then such fine is appropriately included
in the judgment revoking probation.  Id. at 329.  Here, Garcia and the
trial judge signed the plea agreement that included a provision for the
additional $1,000 fine, which substantially complies with Coffey. 
Accordingly, we overrule Garcia’s second issue. 

IV.  Conclusion

Having overruled both
issues, we affirm the trial court’s ruling.

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P.47.2 (b).

 

Delivered and filed the

30th day of June, 2011.