

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00502-CR

Jakeist Marquan **MOORE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the Criminal District Court 1, Tarrant County, Texas
Trial Court No. 1233038D
The Honorable Sharen Wilson, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 13, 2013

AFFIRMED

In a single point of error, Jakeist Moore asserts that Article 42.12 of the Texas Code of Criminal Procedure is unconstitutional as applied to him.  Specifically, Moore argues the statute allowed the trial court to arbitrarily revoke his community supervision in violation of his due process rights under the state and federal constitutions.  Because an as-applied challenge to the constitutionality of a statute may not be raised for the first time on appeal, we overrule Moore's complaint.

## BACKGROUND

In May of 2011, Moore entered a plea of guilty to the offense of robbery causing bodily injury, and the trial court assessed a sentence of three years in prison, probated for five years. Just over a year later, the State filed a petition to revoke Moore's probation alleging eight violations of Moore's conditions of community supervision. Moore pled not true to three of the alleged violations and true to three of the alleged violations, and the State waived the remaining two alleged violations. The trial court found that Moore violated four conditions of his community supervision and sentenced Moore to three years in prison.

## WAIVER

There are two types of challenges to the constitutionality of a statute: a challenge that attacks the constitutionality of the statute on its face and a challenge to the constitutionality of the statute as applied to the defendant in this case. *Sony v. State*, 307 S.W.3d 348, 352 (Tex. App.—San Antonio 2009, no pet.). In order to preserve an as-applied challenge to the constitutionality of a statute, the defendant must raise the issue in the trial court. TEX. R. APP. P. 33.1; *Int'l Women's Day March Planning Comm. v. City of San Antonio*, 619 F.3d 346, 356 (5th Cir. 2010); *Scott v. State*, 322 S.W.3d 662, 667 n.5 (Tex. Crim. App. 2010); *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *Sony*, 307 S.W.3d at 352–53. Because Moore failed to present his as-applied challenge in the trial court, his complaint is waived.

Even if we were to construe Moore's argument as a challenge to the trial court's exercise of discretion in revoking Moore's community supervision, as the State suggests, Moore's complaint still fails.[1] We review a trial court's order revoking probation for an abuse of

---

[1] Under Texas Rule of Appellate Procedure 38.9, we are to liberally construe briefing rules to allow consideration of arguments fairly included in a party's brief. TEX. R. APP. P. 38.9.

discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc). A trial court does not abuse its discretion simply because the reviewing court may have decided the matter differently. *Id.*

In a probation revocation hearing, the State must prove by a preponderance of the evidence that the appellant violated a condition of his or her probation. *Rickels*, 202 S.W.3d at 763; *Brooks v. State*, 995 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.). A trial court may revoke an individual's community supervision if any single condition of probation is violated. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(b) (West Supp. 2012); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [panel op.] 1980). Similarly, a plea of true, without more, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [panel op.] 1979); *Brooks*, 995 S.W.2d at 763.

Even if we were to credit Moore's contention that some of his pleas of true should not be held against him, Moore does not contest all of his pleas of true on appeal, indicating he does not contest that he failed to complete multiple conditions of his community supervision. Thus, the trial court did not abuse its discretion in revoking Moore's community supervision.

## CONCLUSION

Having overruled Moore's point of error, we affirm the order of the trial court.

Catherine Stone, Chief Justice

DO NOT PUBLISH