

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00030-CR

ROBERT LYNN MCCARVER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01215

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.     Background

In the fall of 2011, after pleading guilty to the offense of deadly conduct,[1] Robert Lynn McCarver was placed on deferred adjudication community supervision for a period of eight years, was ordered to pay a $50.00 Crime Stoppers' fee and was ordered to serve seventy-five days in jail as a condition of community supervision.[2]

In September 2012, the State filed a motion to proceed with adjudication, alleging that McCarver was delinquent in the payment of court costs, court-appointed attorney's fees, and supervision fees and that he failed to pay a fifty-dollar Crime Stopper fee. The motion further alleged McCarver made a terroristic threat in April 2012, committed the offense of harassment in May 2012, and committed assault causing bodily injury in August 2012. McCarver thereafter signed written plea admonishments, indicating a plea of true to paragraphs one (failure to pay court costs) and four (failure to pay Crime Stoppers' fee) and seeking sentencing by the court.[3]

---

[1]TEX. PENAL CODE ANN. § 22.05 (West 2011).

[2]An amended order of deferred adjudication was entered on the same day as the original order, supplementing conditions of community supervision to reflect that the State did not object to work release. Approximately one month later, the State moved to proceed with adjudication, alleging McCarver violated the terms of his community supervision by failing to abstain from the use of alcoholic beverages on December 10, 2011, when McCarver reported to the jail from work release and had been drinking alcohol. McCarver's community supervision was modified to require that he serve 130 days in the Red River County Jail.

[3]Paragraph one of the motion to revoke claimed McCarver was delinquent in the payment of court costs, paragraph two claimed McCarver was delinquent in the payment of court-appointed attorney's fees, paragraph three claimed McCarver was delinquent in the payment of monthly supervision fees, paragraph four claimed McCarver was delinquent in the payment of a Crime Stoppers' fee, paragraph five claimed McCarver committed the offense of harassment in May 2012, paragraph six claimed McCarver committed the offense of terroristic threats in April 2012, and paragraph seven claimed McCarver committed the offense of assault causing bodily injury in August 2012. McCarver pled true to the allegations contained in paragraphs one and four and not true to the allegations contained in paragraphs two and three. The State thereafter abandoned paragraphs two and three in open court. No plea was entered or received with respect to the allegations contained in paragraphs five, six, or seven. These allegations

During the revocation hearing, McCarver pled true to the allegations presented in paragraphs one and four of the motion to revoke, and a written judicial confession to these allegations, signed by McCarver and his attorney, was admitted into evidence without objection. The trial court revoked McCarver's deferred adjudication, adjudged him guilty of deadly conduct, and sentenced him to ten years' incarceration. McCarver stated, in open court, that trial counsel advised him of the rights that would be waived on signing the admonishment, and further, that he explained the effect of waiving those rights. McCarver indicated that he fully understood the plea admonishment and had no questions concerning the admonishment or the hearing.[4] McCarver pled not true to the allegations presented in paragraphs two and three of the motion.[5]

---

were not mentioned at the hearing and were not considered by the trial court in its adjudication decision. The State failed to provide evidence that McCarver was able to pay court costs and the Crime Stoppers' fee. On appeal, McCarver does raise the issue of whether this failure amounts to a violation of Article 42.12, Section 21(c) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2012) ("In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge."). This issue was likewise not preserved by proper objection or complaint in the trial court. We, therefore, do not address this issue. *See* TEX. R. APP. P. 33.1.

[4]Prior to entering his plea of true, the following exchange occurred:

> THE COURT: . . . . Mr. McCarver, we're hearing four cases up here today. The first is Cause Number CR 01260, which is a motion to proceed to adjudication for the felony offense of aggravated assault with a deadly weapon. In CR 01229, it's a motion to proceed to adjudication for the felony offense of child endangerment. Cause Number CR 01228 is a motion to proceed to adjudication for the felony offense of deadly conduct. Cause Number CR 01215 is a motion to proceed to adjudication for the felony offense of deadly conduct.
> . . . . Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: . . . [I]n each individual case I'm looking at a separate document entitled Written Plea Admonishments on Motion to Revoke Community Supervision or Petition to

3

Proceed to Adjudication. In each of the respective cases, these documents are dated today. They're identified as Exhibit Number 1. They bear you and your attorney's . . . signature.

I'll show you these documents, sir. I'll ask you: Do you recall signing all four of these documents?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Before you signed these documents -- let me show you the last two. Do you remember signing them?

THE DEFENDANT: Yes, sir.

THE COURT: Before signing these documents, did you and [your attorney] go over them together?

THE DEFENDANT: Yes, sir.

THE COURT: Did he advise you of the rights you're waiving by signing these documents and the effect of waiving those right[s]?

THE DEFENDANT: Yes, sir.

THE COURT: All right, sir. Do you have any questions you want to ask me about these documents or these proceedings?

THE DEFENDANT: No, sir.

THE COURT: So you fully understand all four of these documents?

THE DEFENDANT: Yes.

THE COURT: Has anyone coerced you or forced you to sign these documents against your will?

THE DEFENDANT: No, sir.

. . . .

THE COURT: All right. Mr. McCarver, in each of these cases, as to the allegations that you violated the terms and conditions of your community supervision as to Allegation Number 1 and 4, which the State of Texas has alleged that you did violate the terms and conditions of your community supervision, how do you plead, true or untrue?

THE DEFENDANT: True.

THE COURT: All right. I do accept your plea of true on 1 and 4. As to 2 and 3, you are pleading untrue, is that correct?

THE DEFENDANT: Yes, sir.

4

On appeal, McCarver claims his due process rights were violated when the trial court accepted his plea of true to the alleged violations of his community supervision conditions, because such plea was not made knowingly, intelligently, and voluntarily. McCarver further contends his due process rights were violated when the trial court accepted his plea, because the plea was ambiguous. We affirm the judgment of the trial court.

## II. McCarver Failed to Preserve Issue of Voluntariness of Plea

McCarver's complaints stem from the fact that the adjudication hearing actually encompassed four separate motions to adjudicate. The instant matter involves adjudication for the offense of deadly conduct in trial court cause number CR01215. The three remaining matters involve adjudications for the offenses of aggravated assault,[6] child endangerment,[7] and deadly conduct[8] (an offense separate and distinct from the offense here). Each of the trial court matters included a motion to adjudicate. McCarver pled true to the allegations set forth in paragraphs one and four of each of the motions to adjudicate.[9] While paragraph one in each such motion is identical (except as to amount), paragraph four is not. The first paragraph in each motion states that McCarver was delinquent in the payment of court costs. Paragraph four in the motion to

[5]The State abandoned the allegations in paragraphs two and three.

[6]The judgment adjudicating guilt in trial court cause number CR01260 is the subject of a separate opinion, of even date, bearing appellate cause number 06-13-00033-CR.

[7]The judgment adjudicating guilt in trial court cause number CR01229 is the subject of a separate opinion, of even date, bearing appellate cause number 06-13-00032-CR.

[8]The judgment adjudicating guilt in trial court cause number CR01228 is the subject of a separate opinion, of even date, bearing appellate cause number 06-13-00031-CR.

[9]The following statement in bold letters is found on page one of the admonishments on the motion to revoke or proceed to adjudication: "DEFENDANT PLEADING TRUE TO ALLEGATIONS I & IV AND OPEN TO COURT FOR SENTENCING."

adjudicate in this matter claimed that McCarver failed to pay a Crime Stoppers' fee—an allegation not contained in the other three motions to adjudicate.[10]

Based on this difference, McCarver contends that he could not have voluntarily, knowingly, and intelligently entered a plea of true because the record does not reflect that he fully understood the nature of the accusations against him. McCarver claims that it is not apparent from the record whether he pled true to the allegations contained in paragraphs one and four in the three similar motions to adjudicate, or to the allegations contained in paragraphs one and four in the dissimilar motion to adjudicate filed in this case. McCarver contends that his plea of true, in these circumstances, was not voluntary.

Here, no complaint was made to the trial court that McCarver's plea of true to allegations one and four was not voluntary at the time of the revocation hearing. Further, McCarver did not raise this issue in a motion for new trial. "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a)(1). This Court declined to address a similar contention in *Lively v. State*, 338 S.W.3d 140 (Tex. App.—Texarkana 2011, no pet.). In that case, Lively entered a plea of true to allegations that he violated the terms and conditions of his community supervision. On appeal, Lively challenged the voluntariness of his plea. This Court recognized,

> We have previously held that challenges to the voluntariness of a plea must be raised before the trial court to preserve the complaint for review on appeal. *Sims*

---

[10]We take judicial notice that paragraph four in the motions to adjudicate filed in trial court cause numbers CR01228, CR01229, and CR01260 stated that McCarver committed the offense of aggravated assault while on community supervision. *See* TEX. R. EVID. 201 (concerning judicial notice of adjudicative facts).

6

> *v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. struck) (citing *Mendez v. State*, 138 S.W.3d 334, 339, 350 (Tex. Crim. App. 2004)). Here, no complaint was made to the trial court that the plea was involuntary not only at the time of the revocation hearing, but no motion for new trial raised this issue. This issue was never presented to the trial court to consider.

*Id.* at 143. Because McCarver failed to preserve a challenge to the voluntariness of his plea of true to the allegations in the motion to revoke, we overrule this point of error.[11]

## III.  McCarver Failed to Preserve Ambiguity/Due Process Issue

In a similar vein, McCarver contends the trial court erred in accepting his plea of true because it was ambiguous. This, he claims, was a violation of his due process rights. McCarver made no complaint in the trial court that his due process rights would be, or were, violated upon entering a plea of true. Further, McCarver did not raise this issue in a motion for new trial. To preserve a complaint for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a)(1). Rule 33.1 ensures that trial courts are provided with an opportunity to correct errors before a case is appealed. Even complaints about constitutional errors may be waived if not properly preserved. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Because McCarver failed to preserve this issue, we decline to address it. We overrule this point of error.

---

[11]McCarver suggests the trial court erred in accepting his plea. In an adjudication hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his community supervision. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (community supervision revocation). A trial court may revoke community supervision if any single condition is violated. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2012). Similarly, a plea of true, without more, is sufficient to support the revocation of community supervision. *Brooks v. State*, 995 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.). Even if we were to conclude the plea of true to allegation four should not be held against McCarver, McCarver does not contest that he violated more than one condition of his community supervision.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     August 7, 2013
Date Decided:       August 8, 2013

Do Not Publish