

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00379-CR

ROY SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B3368-1109, Honorable Edward Lee Self, Presiding

March 24, 2014

## MEMORANDUM OPINION

QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Roy Sanchez appeals from the trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of possession of a controlled substance, methamphetamine, in an amount less than one gram[1] and imposing sentence of imprisonment in a state jail facility for a period of two years and a $2000 fine.[2] Appellant's court-appointed attorney has filed a motion to

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a), (b) (West 2009).

[2] TEX. PENAL CODE ANN. § 12.35 (West 2012).

withdraw supported by an *Anders*[3] brief.  We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

## Background

Appellant was charged via indictment with the state jail felony offense of possession of a controlled substance, methamphetamine, in an amount of less than one gram.[4]  In February 2012, he plead guilty to the offense as charged. The trial court placed him on deferred adjudication community supervision for a period of three years. Appellant's community supervision was subject to certain terms and conditions.

In September 2013, the State filed a motion to proceed with an adjudication of guilt, alleging appellant committed several violations of the terms and conditions of his community supervision. The court heard the State's motion in October 2013.  At that hearing, appellant plead "true" to allegations 3, 5, and 6 of the State's motion.[5] Appellant's community supervision officer testified to additional violations.  Following the presentation of the evidence, the court found appellant violated six terms and conditions of his community supervision, including the three to which appellant plead "true,"

---

[3] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008)(orig. proceeding) ("[T]he sole purpose of an *Anders* brief is to explain and support the motion to withdraw").

[4] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2009).

[5] It has long been held that a plea of true, standing alone, is sufficient to authorize revocation of community supervision.  *Moses v. State,* 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Brooks v. State,* 995 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.). Likewise, if there is proof of at least one violation of the terms of community supervision, the evidence is sufficient to support revocation.  *O'Neal v. State,* 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

revoked his community supervision, adjudicated him guilty of the charged offense, and imposed sentence as noted. This appeal followed.

Analysis

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes arguable reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, appellant's pleas of true, and the evidence presented at the hearing. Counsel discusses one ground of potential error but concludes the trial court did not abuse its discretion by revoking appellant's community supervision and imposing a sentence within the permissible range. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out the right of appellant to review the record and file a *pro se* response and his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals should he receive an adverse decision by this Court. By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have reviewed the entire record to determine whether there are any arguable

3

grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error and agree with counsel that the appeal is frivolous.

Conclusion

The motion of counsel to withdraw is granted and the judgment of the trial court is affirmed.[6]

James T. Campbell
Justice

Do not publish.

---

[6] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.