

NUMBER 13-16-00039-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DAKOTA RYAN PALMER,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the County Court at Law No. 1
### of McLennan County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Longoria
### Memorandum Opinion by Justice Contreras [1]

Appellant Dakota Ryan Palmer appeals from the trial court's revocation of his

community supervision.[2]  By two issues, appellant contends that the trial court erred in:

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza.  *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2015 R.S.).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (West, Westlaw through 2015 R.S.).

(1) exceeding the State's punishment recommendation based on a urinalysis that did not comply with the requirements of article 38.35 of the code of criminal procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 38.35 (West, Westlaw through 2015 R.S.); and (2) justifying its failure to follow the State's punishment recommendation based on appellant's failure to comply with a bond condition that was not imposed. We affirm.

## I. BACKGROUND[3]

On October 2, 2014, pursuant to a plea agreement, appellant pleaded guilty to assault family violence, and the trial court sentenced him to 250 days' confinement and a $4,000 fine. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West, Westlaw through 2015 R.S.). The trial court suspended the sentence and placed appellant on community supervision for fifteen months. On July 7, 2015, the State filed a motion to revoke, alleging various violations of the conditions of community supervision.

At a hearing on December 18, 2015, appellant pleaded true to seven of the nine allegations. Appellant's counsel called Tiffany Cavazos, a technician with Recovery Healthcare Corporation, as a witness. Cavazos testified that, as she accompanied appellant to a male technician who was to administer a urinalysis on appellant, appellant told her that "he used three weeks ago." On cross-examination, Cavazos clarified that appellant did not identify the substance that he used. The trial court asked appellant if he was ready to provide a urine sample for testing. Appellant responded, "yes." Following a short break, the trial court announced that appellant tested positive for THC.[4] The trial

---

[3] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

[4] THC is a psychoactive compound extracted from marihuana. *See* http://www.online-medical-dictionary.org/definitions-t/thc.html, (last visited December 5, 2016).

court stated that, based on the facts that appellant had not "paid anything" and had not "kept [himself] clean," the court granted the motion to revoke and imposed sentence at "200 days in jail and any fines paid."

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a community supervision revocation hearing, the State need only prove its allegations by a preponderance of the evidence. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)); *see also Massey v. State*, No. 10-02-00225-CR, 2004 WL 1485911, at *1 (Tex. App.—Waco June 30, 2004, no pet.) (mem. op., not designated for publication). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Appellate review of an order revoking community supervision is limited to a determination of whether the court abused its discretion. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Id.* An appellant's plea of "true" to an allegation, standing alone, is sufficient to support the trial court's order of revocation. *Brooks v. State,* 995 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.); *see also Garcia v. State*, No. 13-10-00148-CR, 2011 WL 2585965, at *2 (Tex. App.—Corpus Christi June 30, 2011, no pet.) (mem. op., not designated for publication); *Massey*, 2004 WL 1485911, at *1.

The trial court is the trier of facts in a revocation proceeding and the sole judge of the credibility of witnesses and the weight to be given to the testimony. *Canesco*, 199 S.W.3d at 439. We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling. *Id.*

### III. DISCUSSION

By his first issue, appellant complains that the trial court erred in imposing a sentence that exceeded the State's 180-day recommended sentence[5] based on a urinalysis that did not comply with the requirements of article 38.35 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.35.[6] The State responds that appellant failed to preserve this issue for appeal. We agree with the State.

When the trial court asked appellant if he was ready to provide a urine sample, appellant's counsel objected, "[m]y objection would also be to using the results of a UA sample as a basis of diverging from the plea agreement." The trial court overruled the objection, and appellant responded "yes" to the trial court's question. After the trial court announced that appellant tested positive for THC, appellant's counsel restated her objection: "I would just like to reurge our objection that, if the results of the urinalysis performed are—is used as a basis to diverge from the State's recommendation of 180 days—". The trial court overruled the objection. At no time did counsel mention the requirements of article 38.35 or argue that the urinalysis results were inadmissible on the basis of any failure to comply with the requirements of article 38.35.

___

[5] A "Disclosure of Plea Agreement" dated December 18, 2015, the day of the hearing, is included in the record. The State recommended a sentence of 180 days in jail. The agreement explicitly states, "This agreement is not binding on the Court."

[6] Article 38.35 provides, in pertinent part, that a forensic analysis of physical evidence is not admissible unless the crime laboratory conducting the analysis is accredited. TEX. CODE CRIM. PROC. ANN. art. 38.35 (West, Westlaw through 2015 R.S.).

A general or imprecise objection will not preserve error for appeal unless "the legal basis for the objection is *obvious* to the court and to opposing counsel." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016) (quoting *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original)). Here, appellant's counsel's objection failed to state any legal basis, and no legal basis was obvious. *See id.* In addition, when a complaint on appeal differs from that made at trial, the error is waived. *Cook v. State*, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993) (citing *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) ("An objection stating one legal basis may not be used to support a different legal theory on appeal.")); *see also Cox v. State*, No. 10-11-00414-CR, 2013 WL 1286676, at *2 (Tex. App.—Waco March 28, 2013, pet. ref'd (mem. op., not designated for publication) (same). Appellant complains on appeal that the urinalysis evidence was inadmissible because it did not comply with the requirements of article 38.35. However, no objection on that basis was made to the trial court. We overrule appellant's first issue.

By his second issue, appellant argues that "[t]he trial court erred in justifying its deviation [from the State's recommended sentence] on [a]ppellant's alleged violation of a bond condition that was not imposed." Appellant appears to argue that, because sobriety was not an explicit condition of appellant's bond, the trial court lacked authority to conduct "a retroactive judicial investigation into [appellant's] compliance with any purported [bond] conditions."

The State responds, in part, that any potential issue is inadequately briefed and is therefore not presented to this Court for review. We agree. As the State correctly notes, appellant's brief addressing his second issue "contains no citations to the record and no

citations [to] any authorities." An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The failure to adequately brief an issue waives that issue on appeal. *Brown v. Apex Realty*, 349 S.W.3d 162, 167 (Tex. App.—Dallas 2011, pet. dism'd). We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of January, 2017.